**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JONATHAN BUSSOLARI | CIVIL NO.: 3:14-CV-00149-JAM |
| Plaintiff, | |
| v. | |
| CITY OF HARTFORD; OFFICER WILLIAM GORMAN; OFFICER JUSTIN NELSON; and OFFICER PETER SHON | |
| Defendants. | JUNE 5, 2014 |

**AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff, with the written consent of Defendants, amends his complaint and alleges as follows:

**INTRODUCTION**

1.      This action is to redress the excessive and unreasonable use of force against the Plaintiff, Jonathan Bussolari, by Defendants, Police Officers of the City of Hartford Police Department, in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. sections 1983 and 1988, and the deprivation of the Plaintiff's liberty without the due process of law, in violation of the Fourteenth Amendment.  Plaintiff also assert state law claims alleging violations of the Connecticut Constitution article first, §§ 7 and 9; assault and battery; recklessness; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; and municipal liability for the aforesaid under Connecticut General Statutes section 52-557n.

**JURISDICTION**

2.      This Court has jurisdiction of the claims for deprivation of constitutional rights under  28 U.S.C. Sections 1331 and  1343; under  42 U.S.C. Sections 1983 and  1988; and this

1

Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because: (1) all Defendants reside within the judicial district, and (2) all of the events giving rise to this Complaint occurred in this judicial district.

**PARTIES**

4.      Plaintiff, Jonathan Bussolari, is a resident of Westfield, County of Hampden, and the Commonwealth of Massachusetts.

5.      Defendant, the City of Hartford, is a municipality in the County of Hartford created and existing as a political subdivision of and in the State of Connecticut.

6.      Defendant, William Gorman, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 253 High Street, Hartford, Connecticut.

7.      Defendant, Justin Nelson, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 253 High Street, Hartford, Connecticut.

8.      Defendant, Peter Shon, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 253 High Street, Hartford, Connecticut.

9.      Officer Gorman, Officer Nelson, and Officer Shon are being sued in their respective official and individual capacities.  At all relevant times, each acted jointly and severally, under color of the statutes, ordinances, customs, and usage of the State of Connecticut and the City of Hartford and the Hartford Police Department, and had an affirmative duty to enforce the civil rights of every citizen, including the Plaintiff's, and to prevent the violation of

2

citizens' civil rights.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     On November 3, 2012, Plaintiff was with his girlfriend, Sarah Martin, and other friends, at 18 Sherman Street, Apartment C-2, Hartford, CT (the "Premises").

11.     At all relevant times, Sarah Martin was the legal tenant of the Premises.

12.     On said date, at approximately 3:02 am, Officers William Gorman, Justin Nelson, and Peter Shon entered the Premises without Sarah Martin's permission.

13.     After the Defendant Officers entered the Premises, Plaintiff informed the Defendant Officers that they did not have permission, or the legal right, to enter the Premises.

14.     Officer Gorman responded by suddenly, violently, and without warning punching Plaintiff in the face, and then slamming him into a wall.

15.     At no point prior to being assaulted by Officer Gorman within the Premises did Plaintiff verbally or physically provoke Officer Gorman.

16.     Thereafter, Officers Nelson and Shon dragged Plaintiff out of the Premises and into the hallway directly outside of the Premises.

17.     Without any resistance by Plaintiff, Officers Nelson and Shon stood Plaintiff up and restrained Plaintiff's hands behind his back.

18.     Thereafter, while holding a blackjack a/k/a/ a sap, Officer Gorman suddenly, violently, and without warning punched Plaintiff in the head and above his right eye, causing blood to splatter onto the hallway walls.

19.     Thereafter, Officer Gorman punched Plaintiff's right eye a second time.

20.     Thereafter, Officers Nelson and Shon slammed Plaintiff to the ground and handcuffed his wrists behind his back, and proceeded to drag Plaintiff face first approximately

3

10 feet down the hallway.

     21.    Thereafter, while one of the Defendant Officers was kneeling on Plaintiff's back and grasping his handcuffed wrists, Officer Gorman knelt down and began to violently, and repeatedly, punch Plaintiff in the face with the blackjack a/k/a sap.

     22.    During this vicious assault by Officer Gorman, Plaintiff begged and pleaded with Officer Gorman to stop hitting him.

     23.    At no point prior to, during, or after the assault by the Defendant Officers in the hallway outside of the Premises, did Plaintiff verbally or physically provoke, assault, or resist the Defendant Officers.

     24.    As a result of the vicious assault by Officer Gorman, there were large pools of blood on the hallway floor and blood spatter on the hallway walls.

     25.    Thereafter, the Defendant Officers stood Plaintiff up and began to drag him down the stairs.

     26.    Thereafter, Officer Gorman pushed Plaintiff face first into the hallway exit door, leaving a bloody splatter mark on the door.

     27.    Thereafter, the Defendant Officers dragged Plaintiff down the three floors of stairs and repeatedly pushed Plaintiff's face into walls and doors.

     28.    At no point while being dragged down the three floors of stairs, did Plaintiff verbally or physically provoke, assault, or resist the Defendant Officers.

     29.    Thereafter, Plaintiff was placed under arrest, and was taken by ambulance to the Hartford Hospital Emergency Room for medical treatment for his injuries.

     30.    As a direct and proximate result of the Defendant Officers' conduct, Plaintiff was seriously injured.  He suffered facial lacerations requiring multiple stitches; permanent scarring;

right eye damage, including extremely destroyed blood vessels and temporary loss of sight in part of the right eye; facial and head bruising; facial and head swelling; severe concussion and post-concussion syndrome, including memory dysfunction, impulsivity, poor attention and concentration, difficulty focusing, easy fatigue, vomiting, intolerance to bright light, vibration and loud noise; severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body; chronic and intense pain, throbbing, numbness, soreness, stiffness and disability; and inconvenience, humiliation, embarrassment and severe terror, fright and emotional distress, including post traumatic stress disorder, anxiety, nightmares, and sleeplessness.

31.     The effects of Plaintiff's injuries, as aforesaid, are likely to be permanent in nature; additionally he will suffer great pain and mental anguish in the future and his movements and activities will be restricted all to his further loss and damage.

32.     As a direct and proximate result of the Defendant Officer's conduct, and the resulting injuries, Plaintiff, has incurred, and will continue in the future to incur, medical, hospital, and prescription medicine expenses, all to his further loss and damage.

33.     As a direct and proximate result of the Defendant Officer's conduct, and the resulting injuries, Plaintiff, who is gainfully employed, lost earnings and/or earning capacity, all to his further loss and damage.

34.     As a direct and proximate result of the Defendant Officer's conduct, and the resulting injuries, Plaintiff was, and will be in the future, unable to carry out his everyday activities of life, thereby sustaining further loss and damage.

## FIRST COUNT

35.     Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

36.    Plaintiff suffered an excessive use of force in his detention by the Defendant Officers.

37.    The excessive force used by the Defendant Officers caused Plaintiff to suffer severe personal injuries and emotional distress and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

     a.    the Defendant Officers used an excessive and unreasonable amount of force against Plaintiff, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

     b.    the Defendant Officers acted toward Plaintiff with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution; and

## SECOND COUNT

38.    Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

39.    The Defendant Officers unlawfully deprived Plaintiff of rights secured to him by the Connecticut Constitution as a result of the excessive and unreasonable use of force.

40.    The conduct of the Defendant Officers was unlawful and in violation of Article First, sections 7 and 9, of the Connecticut Constitution.

41.    The personal injuries and losses complained of by Plaintiff were the direct and proximate result of said unlawful violation of Article First, sections 7 and 9, of the Connecticut Constitution.

## THIRD COUNT

42.     Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

43.     The Defendant Officers forcefully restrained, threatened and touched Plaintiff with the intention of placing him in apprehension of imminent serious bodily harm or death.

44.     The Defendant Officers intended to touch and did in fact touch Plaintiff's person in an offensive and harmful manner.

45.     As a result of the conduct of the Defendant Officers, Plaintiff was in fact put in apprehension of imminent serious bodily harm.

46.     The conduct of the Defendant Officers constituted an assault and battery upon Plaintiff.

47.     The personal injuries and losses complained of by Plaintiff were the direct and proximate result of said assault and battery.

**FOURTH COUNT**

48.     Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

49.     The conduct of the Defendant Officers was not ordinary and customary for the arrest and detention of a criminal suspect.

50.     The Defendant Officers were reckless in one or more of the following ways:

    a.     They each used excessive and unreasonable force against Plaintiff and failed or refused to act to prevent each other from using excessive and unreasonable force against Plaintiff;

    b.     The conduct of the Defendant Officers was done with the intent of inflicting bodily injury and without any useful purpose for the arrest and detention of a criminal suspect.

51.     The personal injuries and losses complained of by Plaintiff were the direct and

proximate result of said recklessness.

**FIFTH COUNT**

52.   Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

53.   The Defendant Officers failed to observe the ordinary and usual standard of care in the apprehension and detention of a criminal suspect.

54.   The Defendant Officers failed to observe the customary and ordinary use of force proportional to the resistance of a criminal suspect.

55.   The Defendant Officers were negligent in that they each used excessive and unreasonable force against Plaintiff and failed or refused to act to prevent each other from using excessive and unreasonable force against Plaintiff;

56.   The personal injuries and losses of which Plaintiff complains were the direct and proximate result of said negligence.

**SIXTH COUNT**

57.   Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

58.   The Defendant Officers' actions constituted extreme and outrageous conduct which transcends all bounds of decency tolerated by society.

59.   The Defendant Officers intended to humiliate and cause distress and mental anguish to Plaintiff or should have known that emotional distress was the likely result of their conduct.

60.   The Defendant Officers' actions were willful, wanton and reckless.

61.   As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered severe emotional distress and humiliation.

**SEVENTH COUNT**

62.     Paragraphs 1 through 34 are hereby incorporated as if recited in full herein.

63.     The Defendant Officers engaged in conduct that they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

64.     As a direct and proximate result of The Defendant Officers' actions, Plaintiff suffered emotional distress and humiliation.

**EIGHTH COUNT**

65.     Paragraphs 1 through 34, 52-56, and 62-64 are hereby incorporated as if recited in full herein.

66.     At all times relevant hereto the Defendant Officers were acting as agents and employees of the City of Hartford in the performance of ministerial acts and duties.

67.     The Defendant Officers were negligent in the performance of their ministerial acts and duties as aforesaid.

68.     The personal injuries and losses of which Plaintiff complains were the direct and proximate result of said negligence.

69.     Pursuant to C.G.S. § 7-465, a city shall pay on behalf of any employee of such municipality all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages to persons or property.

70.     Said statute requires notice to the municipality, and such notice was given by Plaintiff through his attorneys.  A copy of such notice is attached hereto as Exhibit A.

71.     Pursuant to said statute, the City of Hartford is liable to indemnify and pay any damages to Plaintiff for which the Defendant Officers are found liable.

**NINTH COUNT**

72.     Paragraphs 1 through 34, 52-56, and 62-64 are hereby incorporated as if recited in full herein.

73.     At all times relevant hereto the Defendant Officers were acting as agents and employees of the City of Hartford in the performance of ministerial acts and duties.

74.     The Defendant Officers were negligent in the performance of their ministerial acts and duties as aforesaid.

75.     The personal injuries and losses of which Plaintiff complains were the direct and proximate result of said negligence.

76.     Pursuant to C.G.S. § 7-101a, a municipality shall protect and save harmless any municipal officer, whether elected or appointed, or any board, committee, council, agency or commission, or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence.

77.     Said statute requires notice to the municipality, and such notice was given by Plaintiff through his attorneys.  A copy of such notice is attached hereto as Exhibit A.

78.     Pursuant to said statute, the City of Hartford is liable to indemnify and pay any damages to Plaintiff for which the Defendant Officers are found liable.

**TENTH COUNT**

79.     Paragraphs 1 through 34, 52-56, and 62-64 are hereby incorporated as if recited in full herein.

80.     At all times relevant hereto the Defendant Officers were acting as agents and employees of the City of Hartford in the performance of ministerial acts and duties.

10

81.     The Defendant Officers were negligent in the performance of their ministerial acts and duties as aforesaid.

82.     The personal injuries and losses of which Plaintiff complains were the direct and proximate result of said negligence.

83.     Pursuant to C.G.S. § 52-557n, the City of Hartford is liable for any damages suffered by Plaintiff as a result of the negligence of the Defendant Officers.

WHEREFORE, the Plaintiff claims:

1.     Monetary damages;

2.      Punitive damages;

3.     Attorney fees and costs provided by 42 U.S.C. § 1988;

4.     Indemnification pursuant to Conn. Gen. Stat. § 7-101a and 7-465; and

5.     Such other relief in law or equity as the Court may deem appropriate.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF

BY___/S/ Peter M. Van Dyke_____
        Peter M. Van Dyke, ct24747
        pvd@eddf-law.com
        Eagan, Donohue, Van Dyke & Falsey, LLP
        24 Arapahoe Road
        West Hartford, CT 06107
        Tel: (860) 232-7200
        Fax: (860) 232-0214

**<u>CERTIFICATION</u>**

I hereby certify that on June 6, 2014 a copy of the foregoing was filed electronically and served by regular mail, postage prepaid, on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Peter M. Van Dyke
Peter M. Van Dyke