UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN BUSSOLARI | : | NO.: 3:14-CV-00149-JAM |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARTFORD; OFFICER WILLIAM GORMAN, OFFICER JUSTIN NELSON and OFFICER PETER SHON | : : : | OCTOBER 20, 2014 |

## ANSWER AND SPECIAL DEFENSES TO AMENDED COMPLAINT

### INTRODUCTION

1. As to paragraph 1, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

### JURISDICTION

2-3. As to paragraphs 2 and 3, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

### PARTIES

4-5. As to paragraphs 4 and 5, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

6-8. Paragraphs 6, 7 and 8 are admitted.

9. As to paragraph 9, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiff to his burden of proof.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

10-13. As to paragraphs 10 through 13, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

14-21. It is admitted that the plaintiff physically resisted, struggled and fought with the officers. As to the remainder of paragraphs 14 through 21, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

22. As to paragraph 22, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

23. It is admitted that the plaintiff physically resisted, struggled and fought with the officers. As to the remainder of paragraph 23, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

24. As to paragraph 24, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

25. It is admitted that the plaintiff physically resisted, struggled and fought with the officers. As to the remainder of paragraph 25, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

26. As to paragraph 26, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

27-28. It is admitted that the plaintiff physically resisted, struggled and fought with the officers. As to the remainder of paragraphs 27 and 28, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

29. As to paragraph 29, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

30. That portion of paragraph 30 which states: "As a direct and proximate result of the Defendant Officers' conduct," is denied. As to the remainder of paragraph 30, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

31. As to paragraph 31, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

32-34. The portions of paragraphs 32, 33 and 34 which state: "As a direct and proximate result of the Defendant Officer's conduct," is denied. As to the remainder of paragraphs 32, 33 and 34, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**FIRST COUNT**

35. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

36-37. Paragraphs 36 and 37 are denied.

**SECOND COUNT**

38. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

39-41. Paragraphs 39, 40 and 41 are denied.

**THIRD COUNT**

42. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

43-45. As to paragraphs 43, 44 and 45, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

46. Paragraph 46 is denied.

47. As to paragraph 47, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**FOURTH COUNT**

48. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

49. As to paragraph 49, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiff to his burden of proof.

50. Paragraph 50 is denied.

51. As to paragraph 51, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**FIFTH COUNT**

52. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

53-54. As to paragraphs 53 and 54, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

55. Paragraph 55 is denied.

56. As to paragraph 56, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**SIXTH COUNT**

57. The answers to paragraphs 1 through 34 above are hereby incorporated as if fully set forth herein.

58-61. As to paragraphs 58 through 61, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**SEVENTH COUNT**

62. The answers to paragraphs 1 through 34 above are hereby incorporated

as if fully set forth herein.

63-64. As to paragraphs 63 and 64, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**EIGHTH COUNT**

65. The answers to paragraphs 1 through 34, 52 through 56, and 62, 63 and 64 above are hereby incorporated as if fully set forth herein.

66-71. As to paragraphs 66 through 71, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**NINTH COUNT**

72. The answers to paragraphs 1 through 34, 52 through 56, and 62, 63 and 64 above are hereby incorporated as if fully set forth herein.

73-78. As to paragraphs 73 through 78, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**TENTH COUNT**

79. The answers to paragraphs 1 through 34, 52 through 56, and 62, 63 and 64 above are hereby incorporated as if fully set forth herein.

80-83. As to paragraphs 80 through 83, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

## SPECIAL DEFENSES

### FIRST SPECIAL DEFENSE AS TO COUNT ONE:

The plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND SPECIAL DEFENSE AS TO COUNT ONE:

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

### THIRD SPECIAL DEFENSE AS TO COUNT ONE:

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19, 53a-22, and 53a-23.

### FIRST SPECIAL DEFENSE AS TO COUNT TWO:

The plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND SPECIAL DEFENSE AS TO COUNT TWO:

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

### THIRD SPECIAL DEFENSE AS TO COUNT TWO:

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19, 53a-22, and 53a-23.

### FIRST SPECIAL DEFENSE AS TO COUNT THREE:

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND SPECIAL DEFENSE AS TO COUNT THREE:**

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19, 53a-22, and 53a-23.

**FIRST SPECIAL DEFENSE AS TO COUNT FOUR:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**FIRST SPECIAL DEFENSE AS TO COUNT FIVE:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND SPECIAL DEFENSE AS TO COUNT FIVE:**

To the extent no statutory or common law exceptions apply, the plaintiff's claims are barred by the doctrine of governmental immunity pursuant to both common law and Conn. Gen. Stat. § 52-557n.

**THIRD SPECIAL DEFENSE AS TO COUNT FIVE:**

The plaintiff was contributorily negligent in that he:

a. failed to heed the direct order of a clearly identified police officer;

b. failed to submit to arrest procedures, including handcuffing, after being notified he was under arrest by a clearly identified police officer;

c. physically struggled and fought with a clearly identified police officer; and

d. failed to act as would a reasonably prudent person under the circumstances.

**FOURTH SPECIAL DEFENSE AS TO COUNT FIVE:**

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19,

53a-22, and 53a-23.

**FIRST SPECIAL DEFENSE AS TO COUNT SIX:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND SPECIAL DEFENSE AS TO COUNT SIX:**

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19, 53a-22, and 53a-23.

**FIRST SPECIAL DEFENSE AS TO COUNT SEVEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND SPECIAL DEFENSE AS TO COUNT SEVEN:**

To the extent no statutory or common law exceptions apply, the plaintiff's claims are barred by the doctrine of governmental immunity pursuant to both common law and Conn. Gen. Stat. § 52-557n.

**THIRD SPECIAL DEFENSE AS TO COUNT SEVEN:**

The plaintiff was contributorily negligent in that he:

a.  failed to heed the direct order of a clearly identified police officer;

b.  failed to submit to arrest procedures, including handcuffing, after being notified he was under arrest by a clearly identified police officer;

c.  physically struggled and fought with a clearly identified police officer; and

d.  failed to act as would a reasonably prudent person under the circumstances.

**FOURTH SPECIAL DEFENSE AS TO COUNT SEVEN:**

The use of force on the plaintiff is justified under Conn. Gen. Stat. §§ 53a-19, 53a-22, and 53a-23.

## JURY DEMAND

These defendants demand a trial by jury.

                      DEFENDANTS,
                      OFFICER WILLIAM GORMAN, OFFICER JUSTIN NELSON and OFFICER PETER SHON

By /s/ Alan R. Dembiczak
   Alan R. Dembiczak
   ct25755
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  adembiczak@hl-law.com

## **CERTIFICATION**

      This is to certify that on **October 20, 2014**, a copy of the foregoing **Answer and Special Defenses** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Peter M. Van Dyke, Esq.
Eagan, Donahue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT  06107

Nathalie Feola-Guerrieri, Esq.
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

                                              /s/ Alan R. Dembiczak
                                              Alan R. Dembiczak