UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JONATHAN BUSSOLARI,
     *Plaintiff*,

    v.

CITY OF HARTFORD, *et al.*,
     *Defendants*.

No. 3:14-cv-00149 (JAM)

# RULING DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR SUMMARY JUDGMENT

In November 2013, defendant officers William Gorman, Justin Nelson, and Peter Shon of the City of Hartford Police Department arrested plaintiff Jonathan Bussolari at his girlfriend's home after the police received a noise complaint from a neighbor. Plaintiff alleges in this lawsuit that during the course of this arrest he was subject to excessive force in violation of the federal and state constitutions and that the officers committed a range of intentional and negligent torts against him.

The defendant officers have moved for partial summary judgment as to plaintiffs' state constitutional claim, his negligence claims, and his official capacity claims, and the City of Hartford has separately moved for summary judgment on all claims against it. Because I conclude that genuine issues of fact and law remain for trial, I will deny both motions for summary judgment.

## BACKGROUND

The facts recited here are viewed and presented in the light most favorable to plaintiff as the non-moving party. Defendants Gorman, Nelson, and Shon are all police officers with the Hartford Police Department. The defendants were called to plaintiff's girlfriend's apartment in Hartford in the early morning hours of November 3, 2012, in response to a noise complaint

called in by a neighbor. When the officers arrived there, they entered the premises without permission.

After plaintiff allegedly told the officers that they did not have permission to enter the apartment, a verbal argument ensued. Plaintiff put up his hands in a non-aggressive manner. Defendant Gorman then struck plaintiff in the face and head with his flashlight as the other officers looked on, and slammed him into a wall. Defendants Nelson and Shon then dragged plaintiff into the hall and restrained him with his hands behind his back. Defendant Gorman again hit plaintiff in the face with a blackjack or flashlight and punched him repeatedly. The officers threw plaintiff to the ground to handcuff him. While on the ground, defendant Gorman punched plaintiff in the face again with the blackjack or flashlight, and the defendants then dragged plaintiff down three flights of stairs, arrested him, and took him to the hospital by ambulance.

According to plaintiff, he did not physically provoke, assault, or resist the officers. As a result of the encounter, plaintiff contends that he suffered extensive injuries to his face and head. According to the police report describing this incident, plaintiff was arrested for and charged with disorderly conduct, interfering with an officer, and assault on police. *See* Doc. #62-5 at 5.

The complaint alleges seven counts of liability against the defendant officers, including excessive force under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 (Count 1); excessive force under §§ 7 and 9 of Article First of the Connecticut Constitution (Count 2); state law claims of assault and battery (Count 3); recklessness (Count 4); negligent use of force (Count 5); and both intentional and negligent infliction of emotional distress (Counts 6 and 7). Plaintiff also brings three counts against the City of Hartford, for indemnification under Conn. Gen. Stat. § 7-465 and § 7-101a, and for liability under Conn. Gen. Stat. § 52-557n.

Plaintiff's claims against the City derive solely from the tort claims against the individual officers.[1]

Defendants Gorman, Nelson, and Shon have moved for partial summary judgment on plaintiff's state constitutional claim, his negligence claims, and his official capacity claims. Defendant City of Hartford has moved for summary judgment on all claims against it.

## DISCUSSION

The principles governing a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The evidence adduced at the summary judgment stage must be viewed in the light most favorable to the non-moving party and with all ambiguities and reasonable inferences drawn against the moving party. *See, e.g.*, *Tolan*, 134 S. Ct. at 1866; *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015). All in all, "a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan*, 134 S. Ct. at 1866.

### *Connecticut Constitutional Claim*

Defendants move for summary judgment on plaintiff's excessive force claim under the Connecticut Constitution. In *Binette v. Sabo*, 442 Conn. 23 (1998), the Connecticut Supreme Court recognized a private constitutional right of action for violations of Article First, § 7 and

---

[1] Plaintiff has abandoned his claims under the Fifth and Fourteenth Amendments. *See* Doc. #69 at 5.

§ 9, of the state constitution. "*Binette* created a narrow cause of action for money damages under the Article First, §§ 7 and 9 of the Connecticut Constitution for illegal searches and seizures of private homes by police officers, a cause of action that is equivalent to the federal *Bivens* action under the Fourth Amendment to the United States Constitution." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 23 (D. Conn. 2005).

Because I must view the facts at this stage in the light most favorable to plaintiff, I do not agree with defendants' argument that the facts of this case "do not rise to the level" of those facts found actionable in *Binette*. Doc. #62-1 at 15. The alleged facts of this case involve very clear and egregious violations of plaintiff's right to be free from the use of excessive force. Even if I were to conclude—as defendants urge—that defendants may assert a defense of qualified immunity to a *Binette* claim akin to a defense of qualified immunity that would exist for a claim of a violation of the federal constitution, the facts as I must accept them now in the light most favorable to plaintiff are easily sufficient to overcome any possible defense of qualified immunity.

### *Negligence and Negligent-Infliction-of-Emotional-Distress Claims*

Defendant officers move for summary judgment on plaintiff's negligence and negligent-infliction-of emotional-distress claims, arguing that all of the acts alleged by plaintiff are "intentional in nature" (Doc. #62-1 at 5) and that a plaintiff may not continue to press claims for negligence and negligent infliction of emotional distress if the plaintiff has also brought claims of intentional use of excessive force and intentional infliction of emotional distress. Doc. #62-1 at 5. I do not agree.

It is well established that a plaintiff may plead alternative theories of liability. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of

consistency."). The Second Circuit allows a party to proceed at summary judgment with "inconsistency" in claims, "either in the statement of the facts or in the legal theories adopted." *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994). And it is similarly well established that "a party may properly submit a case [to a jury] on alternative theories." *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 343 (2d Cir. 1994); *see also Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inv.*, 850 F.2d 876, 882 (2d Cir. 1988); *Holmes v. City of New York*, 2016 WL 915332, at *6 (S.D.N.Y. 2016).

In light of this background, I see no reason why a plaintiff may not pursue claims against police misconduct by means of both intentional and negligent theories of liability. *See, e.g.*, *Harvey v. Kasco*, 109 F. Supp. 3d 173, 178-79 (D.D.C. 2015) (denying motion to dismiss negligence claim arising from alleged excessive force during arrest and that was allegedly inconsistent with plaintiff's assault-and-battery claim, because plaintiff may plead and pursue recovery on inconsistent theories provided that plaintiff is not ultimately permitted to recover damages for both claims).

It is true that some other judges in the District of Connecticut have dismissed claims of negligence at summary judgment that have been brought alongside § 1983 claims alleging excessive force. *See, e.g.*, *Edwards v. City of Hartford*, 2015 WL 7458501, at *4 (D. Conn. 2015); *Outlaw v. City of Hartford*, 2015 WL 1538230, at *12 (D. Conn. 2015); *Betancourt v. Slavin*, 676 F. Supp. 2d 71, 81 (D. Conn. 2009); *but see Roguz v. Walsh*, 2012 WL 6049580, at *9 (D. Conn. 2012).[2]

Those decisions cited above that have disallowed simultaneous intentional/negligent tort claims in this context have not elaborated on their reasoning other than to cite the fact of prior

---

[2] And others have disagreed at the motion to dismiss stages. *See Ross v. City of Hartford*, 2013 WL 789192, at *3 (D. Conn. 2013); *Terebesi v. Solomon*, 2010 WL 3926108, at *10 (D. Conn. 2012).

5

court rulings. They rely in part on cases applying New York law that appears to be different from Connecticut law. The case that is most often cited by Connecticut federal courts for the proposition that § 1983 and negligence claims are incompatible is based on an interpretation of New York law that finds "no cause of action for negligence on the part of a police officer" when making an arrest. *Mazurkiewicz v. New York City Transit Auth.*, 810 F. Supp. 563, 571 (S.D.N.Y. 1993); *see also Vilkhu v. City of New York*, 2008 WL 1991099, at *9 (E.D.N.Y. 2008) (noting under New York law that "once intentional offensive conduct has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently").

By contrast, it appears that Connecticut law allows for claims of negligence against police officers, including for negligent arrest and use of force.[3] For example, "[a]lthough false imprisonment comes within the category of intentional torts, the law recognizes that negligent conduct which results in a confinement of sufficient consequence to constitute the actual damage required to maintain a negligence action is a sufficient basis for imposing liability" and that "the same theory applies to false arrest, which is a subset of false imprisonment." *Anderson v. City of New London*, 1999 WL 162791, at *3 (Conn. Super. Ct. 1999); *see also Macellaio v. Newington Police Dept.*, 145 Conn. App. 426 (2013) (*per curiam*) (addressing claims of false arrest and negligence); *Roguz*, 2012 WL 6049580, at *10 n.4 (noting that Connecticut law recognizes negligent assault-and-battery). Similarly, Connecticut courts have allowed for recovery under Connecticut's negligence-based municipal liability statute, Conn. Gen. Stat. § 52-577n, in cases involving allegations of excessive force by police officers. *See, e.g.*, *Odom v. Matteo*, 772 F.

---

[3] *See also Ross*, 2013 WL 789192, at *3 (noting the discrepancy in New York and Connecticut law); *Terebesi*, 2010 WL 3926108, at *10 (same).

Supp. 2d 377, 395 (D. Conn. 2011); *Balogh v. City of Shelton*, 2002 WL 523225, at *8 (Conn. Super. Ct. 2002).

Ultimately, I do not need to decide whether there is a distinction between the common law of New York and Connecticut. In view that defendants' argument here is simply that the negligence claims must fail because of their inconsistency with the intentional tort claims (rather than a claim that Connecticut law does not allow for negligence claims at all in the excessive force context), my principal concern is the baseline rule that a plaintiff is generally permitted to plead and prove his or her case on alternative and sometimes inconsistent theories of liability. I do not see why a special exception to this general rule should or must exist for claims of intentional and negligent police misconduct in the excessive force context.

On the record before me, genuine fact issues remain to allow a jury to consider whether the defendant officers are liable for intentional torts or negligent torts. Furthermore, the record before me suggests that there are genuine issues of material fact that are properly left to a jury regarding how defendants—and plaintiff—acted during the arrest. *Compare* Doc. #62-4 at 8 *with* Doc. #70-2 at 12-14. It is best left upon a full trial record for a properly instructed jury to decide if plaintiff has established the elements of any of his claims, and if so, whether the facts presented suffice for a claim of a constitutional tort of excessive force and false arrest and/or some form of intentional or negligent tort under common law (provided, of course, that plaintiff may not obtain double recovery under alternative theories that are based on the same conduct and harm).

### *Governmental Immunity for Negligence*

The individual defendants seek dismissal on grounds of governmental immunity against plaintiff's state law negligence claims. In Connecticut, municipal employees may claim

governmental immunity under the common law for negligence claims arising from their official acts that are discretionary rather than ministerial in nature. *See, e.g.*, *Spears v. Garcia*, 263 Conn. 22, 36 (2003); *see also Belanger v. City of Hartford*, 578 F. Supp. 2d 360, 366 (D. Conn. 2008). A police officer's decision to make an arrest and the amount of force to use to effectuate an arrest are discretionary rather than ministerial decisions for purposes of considering whether the officer has immunity from a claim of negligence. *See, e.g.*, *Edwards*, 2015 WL 7458501, at *4; *Galindez v. Miller*, 285 F. Supp. 2d 190, 195 (D. Conn. 2003).

But Connecticut has long recognized "the identifiable person-imminent harm exception" to discretionary-act immunity—an exception that applies "in the context of excessive force claims based on affirmative acts where the harm to the individual is so foreseeable as to create just such a duty of care." *Belanger*, 578 F. Supp. 2d at 367 (collecting cases). Connecticut courts apply a three-part test to determine if this exception applies: there must be "(1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." *Doe v. Petersen*, 279 Conn. 607, 616 (2006); *Brooks v. Powers*, 165 Conn. App. 44, 54 (2016) (same). This imminent harm exception applies to police officers, both those who affirmatively act and those who fail to intervene. *See Belanger*, 578 F. Supp. 2d at 367; *Carey v. Maloney*, 480 F. Supp. 2d 548, 560 (D. Conn. 2007).

Here, the facts alleged by the plaintiff as to the conduct of the three defendant officers satisfy the test for the identifiable person-imminent harm exception to governmental immunity. Taking plaintiff's facts in the light most favorable to him, plaintiff was clearly identified to all three officers as the subject of the arrest, and all three officers were public officials who knew that their conduct would likely subject plaintiff to an imminent harm whether that conduct was restraining the plaintiff or actively punching him. *See Belanger*, 578 F. Supp. 2d at 367 (noting

that arrestee was "clearly an identifiable victim" to the officer as the officer "purposefully swung his baton at Belanger" and that arrestee was "subject to imminent harm from a baton blow to the face without warning"). Accordingly, I find that a genuine issue of fact remains with respect to the officer defendants' claim of governmental immunity from the negligence claims.

### *Official Capacity Claims*

Plaintiff has brought all of his claims against the individual defendant officers in both their individual and official capacities. In general, official capacity claims are "tantamount to a claim against a governmental entity." *Odom*, 772 F. Supp. 2d at 392. Defendants therefore claim that the official capacity claims are redundant of plaintiff's claims against the City of Hartford, and seek dismissal on that reason alone. But plaintiff's claims against the City of Hartford seek indemnification, or assumption of liability for the tortious actions of an employee, and are not in any way allegations of wrongdoing that would create redundancy with plaintiff's official capacity claims against the individual officers. *See Edwards,* 2015 WL 7458501, at *3 ("In light of plaintiffs' failure to allege that City of Hartford is liable for the federal claims, the Court will not dismiss the official capacity claims as duplicative."). I will deny summary judgment for the individual defendants as to plaintiff's official capacity claims.

### *Claims Against the City of Hartford*

All of plaintiff's claims against the City of Hartford arise from his claims of negligence against the individual police officers. *See* Conn. Gen. Stat. § 7-465 (providing that municipalities will pay for civil rights damages occurring during the scope of employment duties if not a willful or wanton act); Conn. Gen. Stat. § 7-101a (protecting municipal employees from negligence claims in the scope of employment duties); Conn. Gen. Stat. § 52-557n (establishing municipal liability for negligent acts of employees, except for discretionary acts). Because the negligence

claims against the individual officer defendants shall proceed to trial, the City of Hartford may also properly remain as a defendant in this case. *See, e.g.*, *Edwards,* 2015 WL 7458501, at *6.

Like the individual defendants, the City of Hartford seeks summary judgment on the basis that the plaintiff's allegations cannot constitute both negligence and excessive force or intentional tort. *See* Doc. #64-1 at 7. But for the reasons stated above, I find this argument unpersuasive, and leave it to the jury to determine the defendant officers' liability. Then, after trial, I will examine the City's liability under the indemnification statutes if necessary.

## CONCLUSION

For the reasons stated above, the motion for partial summary judgment on behalf of defendants Gorman, Shon, and Nelson (Doc. #62) and the motion for summary judgment on behalf of the City of Hartford (Doc. #64) are DENIED.

It is so ordered.

Dated at New Haven this 12th day of August 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge